

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

KESAV S. DAMA,

          Plaintiff,

    -against-

HOLLY J. SEIRUP and HOFSTRA UNIVERSITY,

          Defendants.
──────────────────────────────X

**ORDER**
96-CV-2557 (SJF)(MLO)

FEUERSTEIN, J.

On May 23, 1996, *pro se* plaintiff Kesav S. Dama (plaintiff) filed a complaint pursuant to, *inter alia*, 42 U.S.C. §§ 1983, alleging violations of his constitutional rights by defendants Holly J. Seirup and Hofstra University (collectively, defendants). On February 28, 1997, the parties settled this action in open court and, by order of that same date, the case was dismissed with prejudice. On or about January 7, 2008, more than ten (10) years later, plaintiff filed a motion to vacate the final order and settlement and to reopen the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. By order entered March 13, 2008, I denied plaintiff's Rule 60(b) motion. Plaintiff now moves for reconsideration of that order. For the reasons set forth herein, plaintiff's motion is denied.

**I.    DISCUSSION**

    A.    Effect of Appeal

According to the Court's docket, plaintiff filed a notice of appeal of the March 13, 2008

Order on April 9, 2008. Although, generally, the timely filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal, where the notice of appeal is filed after the filing of a motion for reconsideration, the district court may decide the motion on its merits. See Mickens v. United States, No. 97-CV-2122, 2006 WL 2505252, at * 1 (E.D.N.Y. Aug. 28, 2006), aff'd, 257 Fed.Appx. 461 (2d Cir. Dec. 19, 2007), cert. denied, ___ S.Ct. ___, 2008 WL 752585 (Apr. 21, 2008); Ricciuti v. New York City Transit Auth., 70 F.Supp.2d 300, 337-338 (S.D.N.Y. 1999); see also Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir. 2002) (finding that the plaintiff's motion for reconsideration pursuant to Local Rule 6.3, which was filed prior to the plaintiff's notice of appeal, qualified as a motion under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure and, thus, had the effect of staying the time for filing an appeal until after disposition of the motion). Thus, plaintiff's notice of appeal becomes effective to appeal the March 13, 2008 order only upon disposition of this motion for reconsideration and, thus, does not effect this Court's jurisdiction over the motion. See Fed. R. App. P. 4(a)(4)(B)(i).

B. Reconsideration

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 (Local Rule 6.3), which requires, *inter alia*, that a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" be served within ten (10) days after the entry of the court's order * * *." (emphasis omitted). The requirements of Local Rule 6.3 are strictly construed. See, U.S. v. Gross, No. 98 CR 0159, 2002 WL 32096592, at * 3 (E.D.N.Y. Dec. 5, 2002); PAB Aviation, Inc. v. U.S., No. 98 CV 5952, 2000 WL 1240196, at * 1

(E.D.N.Y. Aug. 24, 2000).

Since plaintiff seeks reconsideration of the order which was entered on March 13, 2008, plaintiff's motion for reconsideration should have been served on or before March 27, 2008. However, the Certificate of Service filed by the plaintiff indicates that he did not serve the motion until March 28, 2008. Thus, his motion is denied as untimely pursuant to Local Rule 6.3.

Even if timely, plaintiff's motion would be denied. In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. Gross, 2002 WL 32096592, at * 3. It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Gross, 2002 WL 32096592, at * 4.

Plaintiff has not established that the Court overlooked any matter or committed clear error in its prior order. Rather, plaintiff attempts to merely reargue his claims of fraud and coercion that he set forth, and which were previously determined to be without merit, in his prior motion. Accordingly, plaintiff's motion for reconsideration is denied.

## II. CONCLUSION

Plaintiff's motion for reconsideration of the March 13, 2008 order is denied.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 2, 2008
Central Islip, New York